UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    Plaintiff,

v.                                              Case No. 5:22cv195-TKW-HTC

CARLOS MUNIZ, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Linda Chase, a prolific filer in this District,[1] initiated this action by filing a civil complaint. After reviewing the complaint, the undersigned recommends this case be dismissed without prejudice, as Plaintiff's allegations do not present a federal question sufficient to invoke this Court's subject-matter jurisdiction.

**I.**    **BACKGROUND**

Plaintiff is a former United States Postal Service employee. Her complaint names five Defendants: (1) Carlos Muniz, Chief Justice of the Supreme Court of

---

[1] In the last five months, Plaintiff has filed twelve other cases here. *See Chase v. Dejoy*, 5:22cv102-TKW-MAF; *Chase v. Walsh*, 5:22cv105-AW-HTC; *Chase v. DeSantis*, 5:22cv106-MW-HTC; *Chase v. Thames*, 5:22cv145-RH-MAF; *Chase v. Fisher*, 5:22cv179-AW-ZCB; *Chase v. Muniz*, 5:22cv193-MCR-MAF; *Chase v. Kijakazi*, 5:22cv194-AW-ZCB; *Chase v. Pelosi*, 5:22cv196-AW-MAF; *Chase v. Burrows*, 5:22cv197-MW-MAF; *Chase v. Shepard*, 5:22cv198-TKW-ZCB; *Chase v. Ahuja*, 5:22cv225-RH-HTC; *Chase v. Whitcomb*, 5:22cv226-AW-MAF.

Florida; (2) Merrick Garland, Attorney General of the United States; (3) Jason Coody, U.S. Attorney for the Northern District of Florida; (4) Anne Marie Craft, counsel for the Florida Bar; and (5) Joshua Doyle, executive director of the Florida Bar. ECF Doc. 1 at 1-2, 4-6. The complaint sets forth the following factual allegations, the truth of which are accepted for purposes of this Report and Recommendation.

Plaintiff had a hearing with the Social Security Administration scheduled for September 2, 2021, regarding an application for disability benefits. She asked her lawyer for the proceedings, Rudolph Shepard, Jr., to have the Administrative Law Judge ("ALJ") subpoena "DOL/ECAB's decision" from November 14, 2020, "because [she] had provided Shepard Law proof/evidence of waste, fraud, and abuse that [she] was being frauded out of FECA payments." Shepard told Plaintiff she was a whistleblower.

On September 14, 2021, Plaintiff filed a complaint with the Florida Bar against Shepard; she alleged Shepard improperly shared information protected by the attorney-client privilege with the ALJ. Defendant Craft was assigned to investigate the complaint. Plaintiff asserts she gave "all proof" to Craft, including a statement that Shepard told the ALJ Plaintiff "had a pending EEO against [her] employer which had nothing to do with [her] SSA disability hearing." After Craft reviewed the evidence, she determined Shepard had not committed an ethics

violation. Plaintiff alleges Craft's decision violated the Rehabilitation Act and the Federal Employees' Compensation Act ("FECA") because, as of September 12, 2022, Plaintiff has "yet to receive the FECA/OWCP payments to which [she is] entitled." Plaintiff also asserts Craft violated the Whistleblower Protection Enhancement Act of 2012 ("WPEA") by failing to report the fraud and abuse of "DOL/ECAB employees."

Based on the foregoing, Plaintiff wants: (1) the Florida Bar to require Shepard to provide her with her entire case file, including a copy of ECAB's November 14, 2020, decision and the subpoena request for it; and (2) damages of $300,000.

## II. LEGAL STANDARD

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted). But "[e]ven a claim that arises under the

Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction,' or (2) 'such a claim is wholly insubstantial and frivolous.'" *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted).

In addition, to state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, simply referring to a constitutional amendment or federal law does not create subject matter jurisdiction. *See Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle").

## III.   DISCUSSION

District courts have "unquestionable authority to control their own dockets," which includes a "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Under this inherent authority, a district court may dismiss a case *sua sponte*, so long as it follows a "fair procedure," such as by giving a plaintiff a notice of its intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). A report and recommendation serves as such notice. *See, e.g., Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (a magistrate judge's report and recommendation may serve as notice of the Court's intent to dispose of a case). Thus, for the reasons discussed below, the undersigned finds a *sua sponte* dismissal is appropriate in this case because there is no federal jurisdiction and allowing Plaintiff an opportunity to amend would be futile given the facts that are alleged.

### A.   FECA

"The FECA is a comprehensive and exclusive workers' compensation scheme for federal civilian employees who are injured or killed while performing their work duties." *Gilmore v. Director, U.S. Dep't of Lab., Off. of Workers Comp.*, 455 F. App'x 934, 936 (11th Cir. 2012) (citation omitted). However, Plaintiff does not specify the basis for her FECA claim. Although Plaintiff is upset she has not

received FECA benefits, the thrust of her complaint is that Defendant Craft did not adequately investigate her lawyer's conduct during proceedings before the Social Security Administration. Such allegations have no discernible connection to the FECA. Furthermore, the "FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (quotation marks and citation omitted). Plaintiff's reference to the FECA, therefore, is not sufficient to invoke this Court's subject-matter jurisdiction.

### B. Rehabilitation Act

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim under the Rehabilitation Act, a plaintiff must allege: "(1) that [she] is a qualified individual with a disability; (2) that [she] was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Here, Plaintiff does not allege she is a qualified individual with a disability, that she suffered any discrimination because of a disability, or that Defendant Craft or the Florida Bar receive federal financial assistance. The fact Craft determined Shepard had not committed an ethics violation is not sufficient to establish a Rehabilitation Act claim. Thus, Plaintiff's Rehabilitation Act claim is frivolous.

C. **WPEA**

Plaintiff also alleges Defendant Craft violated the WPEA because she "failed to report fraud [and] abuse of DOL/ECAB employees." However, the Whistleblower Protection Act ("WPA") and the WPEA only prohibit employers from retaliating against employees who make certain disclosures. *See Guzman v. Office of Personnel Mgmt.*, 53 F. App'x 927, 929 (Fed. Cir. 2002) (noting a WPA claim must be based on "disclosures made, and retaliation taken, during the period that the complainant was an employee or applicant"); *Austin v. Tesla, Inc.*, 2020 WL 12772245, at *3 (N.D. Cal. May 6, 2020) (noting the WPA and WPEA "apply only to federal government employees"). Plaintiff's WPEA claim is frivolous because Craft is neither a federal actor[2] nor Plaintiff's employer.

---

[2] Plaintiff's allegation that Craft, counsel for the Florida Bar, is a federal employee is conclusory and not entitled to the presumption of truth.

### D. Muniz, Garland, Coody, and Doyle

Finally, Fed. R. Civ. P. 8 requires a complaint to contain a short and plain statement of the claim showing Plaintiff is entitled to relief. However, the statement of facts in Plaintiff's complaint contains no factual allegations about Defendants Muniz, Garland, Coody, and Doyle. Because Plaintiff has failed to plead factual content which allows the Court to draw the reasonable inference these Defendants are liable for the misconduct alleged, *see Iqbal*, 556 U.S. at 678, or for any alleged violation of a federal statute or constitutional right, Plaintiff has not stated a claim against these Defendants.

## IV. CONCLUSION

Although Plaintiff alleges Defendant Craft violated several federal statutes, those allegations are frivolous. Because Plaintiff has not established a federal question sufficient to invoke this Court's subject-matter jurisdiction, this case should be dismissed without prejudice. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of October, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.